**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4798**

———————

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

GARY DON ERWIN,

　　　　　Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Aiken.　Joseph F. Anderson, Jr., District Judge.　(1:11-cr-00111-JFA-2)

———————

Submitted: April 19, 2013　　　　Decided:　April 30, 2013

———————

Before DAVIS, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jason P. Peavy, LAW OFFICE OF JASON P. PEAVY, LLC, Columbia, South Carolina, for Appellant.　William N. Nettles, United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Gary Don Erwin was convicted of one court of conspiracy to embezzle money from the United States and one count of embezzling money in excess of $1000 from the United States, both in violation of 18 U.S.C. § 641 (2006). On appeal, Erwin claims that law enforcement engaged in outrageous conduct during the course of the criminal investigation to such an extent that it violated his right to due process. The district court rejected this claim and we affirm.

In United States v. Russell, 411 U.S. 423, 431-32 (1973), the Supreme Court acknowledged that there may be "a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction[.]" Whether law enforcement's conduct is so outrageous as to call for the dismissal of the indictment is a question of law reviewed de novo. United States v. McClelland, 72 F.3d 717, 721 (9th Cir. 1995). In United States v. Jones, 13 F.3d 100, 104 (4th Cir. 1993), we noted that a "generalized claim" of outrageous government conduct during the course of a criminal investigation is difficult to make out. We quoted United States v. Santana, 6 F.3d 1, 4 (1st Cir. 1993) for the proposition that "the doctrine is moribund; in practice, courts have rejected its application with almost monotonous

2

regularity[.]" We further noted that as a practical matter, "only those claims alleging violation of particular constitutional guarantees are likely to succeed." Jones, 13 F.3d at 104. This court has a "high shock threshold" when there is a claim of outrageous government conduct. United States v. Osborne, 935 F.2d 32, 36 (4th Cir. 1991).

We have reviewed the record and conclude that Erwin has failed to show that law enforcement's conduct in this case was so outrageous as to shock the conscience and violate his right to due process. There is no indication that law enforcement manufactured evidence or directed a third party to manufacture evidence. There is also no indication that law enforcement engaged in unlawful conduct in order to complete the investigation.

Because we find no outrageous conduct on the part of law enforcement, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3